209 N.J. Super. 473 (1986)
507 A.2d 1179
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONNELL MARTIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 4, 1986.
Decided March 31, 1986.
*475 Before Judges MICHELS, GAULKIN and STERN.
Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Randall W. Westreich, designated counsel, on the brief).
*476 John H. Stamler, Union County Prosecutor, attorney for respondent (Raymond J. Zeltner, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.S.C. (temporarily assigned).
Defendant was convicted of first degree armed robbery, contrary to N.J.S.A. 2C:15-1, and was sentenced to an extended term of 30 years in the custody of the Commissioner of Corrections with 15 years to be served before parole eligibility. He appeals and argues:
POINT I THE OUT-OF-COURT BLACK AND WHITE IDENTIFICATIONS WERE SO INHERENTLY UNRELIABLE THAT THEIR ADMISSION INTO EVIDENCE SERVED TO VIOLATE THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW.
POINT II THE PROSECUTOR FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE COLOR IDENTIFICATIONS AND THE IN-COURT IDENTIFICATIONS OF DEFENDANT WERE NOT TAINTED BY THE ORIGINAL SUGGESTIVE IDENTIFICATIONS.
POINT III THE COURT COULD NOT IMPOSE AN EXTENDED TERM WITHOUT NOTICE TO DEFENDANT AND THE OPPORTUNITY TO HEAR AND CONTROVERT EVIDENCE AGAINST HIM.
POINT IV DEFENDANT'S SENTENCE WAS MANIFESTLY EXCESSIVE AND AN ABUSE OF DISCRETION.
We have carefully reviewed the record in light of these contentions and conclude that Points I and II are clearly without merit. R. 2:11-3(e)(2).
At the time of sentencing the prosecutor indicated that defendant had previously "pled guilty to an armed robbery on Indictment 280-79. This armed robbery involved the use of a handgun, which was recovered by the police. That handgun was proven to be operable...." A discussion then ensued regarding whether a mandatory extended term was required under the "Graves Act", N.J.S.A. 2C:43-6c, 2C:43-7c, 2C:44-3d. Defense counsel indicated that the prosecutor was required "to move for a persistent offender" sentence, and after consideration of the subject, the court disagreed. The sentencing judge *477 indicated that pursuant to N.J.S.A. 2C:44-3d, an extended term was required, notwithstanding that extended terms are ordinarily discretionary with the court. The court, however, indicated that the defense was entitled to a hearing as to whether defendant used or possessed a handgun in connection with the matter then before it for sentencing. The court stated:
The defense is entitled to a hearing on that phase as to whether or not in this case, the case at hand, not the original, but this one on which he is being tried, whether or not it is proven by a preponderance of the evidence that what he possessed or used was a firearm.
In that connection the defense stated:
... I have no offer with the exception of the material that defendant gave to the Court by way of his testimony in defense here. I note that his position was that he wasn't there and hadn't committed this offense. Obviously, the Jury disbelieved that because they did find him guilty of this offense....
There was further discussion concerning the adequacy of the proofs at trial in connection with whether defendant possessed or used a "firearm" either as a principal or accomplice. The court concluded:
I'm satisfied, based on the evidence that the Court heard in this trial and that was produced today, including the statement of the defendant, that the defendant was armed with a firearm at the time of this offense. And I feel that, as such, I'm bound by the statute to hand this matter over to an extended term situation. I intend to do so. But knowing that I want to  if you want to be heard again, Mr. Sims, and the defendant, I'll hear you further, if you want, on sentencing. I do feel that the Court is bound by 2C:43-6 and the law that relates thereto, to impose an extended term sentence and that's not discretionary, in my opinion. It indicates, `whether or not requested by the State.'[1]
The defense counsel subsequently stated:
I would, of course, continue my remarks in that regard only now we're dealing about a minimum term of 20 years. That's the minimum that the court could give Mr. Martin under the extended provisions. I think quite frankly, your Honor, for this offense that's enough. And given the parole disqualifier consequences that automatically follow from that kind of sentence, that Mr. Martin ought not be given anything greater than the minimum....
*478 Defendant argues that the extended term was improperly imposed in the absence of a motion and opportunity to be heard and to controvert the evidence concerning the prior conviction.
N.J.S.A. 2C:43-6c provides in part:
A person who has been convicted of an offense enumerated by this subsection and who used or possessed a firearm during its commission, attempted commission or flight therefrom and who has been previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44-3d., shall be sentenced by the court to an extended term as authorized by 2C:43-7c., notwithstanding that extended terms are ordinarily discretionary with the court. [Emphasis supplied.]
See also N.J.S.A. 2C:43-7c (requiring the minimum term which "shall be fixed at, or between one-third and one-half of the sentence imposed by the court or 5 years, whichever is greater, during which the defendant shall not be eligible for parole"); N.J.S.A. 2C:44-3 (providing, in part, that "If the grounds specified in subsection d. are found, and the person is being sentenced for commission of any of the offenses enumerated in 2C:43-6c., the court shall sentence the defendant to an extended term as required by 2C:43-6c., and application by the prosecutor shall not be required.") (Emphasis supplied).[2]
N.J.S.A. 2C:43-6d provides:
The court shall not impose a mandatory sentence pursuant to subsection c. of this section, 2C:43-7c. or 2C:44-3d., unless the ground therefor has been established at a hearing. At the hearing, which may occur at the time of sentencing, the prosecutor shall establish by a preponderance of the evidence that the weapon used or possessed was a firearm. In making its finding, the court shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing, or other court proceedings and shall also consider the presentence report and any other relevant information. [Emphasis supplied]
*479 A review of the presentence report in this case reveals the notation on the face sheet that a mandatory minimum sentence was required. The face sheet did not contain the officer's indication of whether an extended term was required. The notation was merely "mandatory minimum sentence required pursuant to N.J.S.A. 2C:43-6, 7  yes." An examination of defendant's past record indicates that he had previously been convicted of armed robbery as charged in Union County Indictment No. 280-79 and robbery as charged in Essex County Indictment No. 1212-79. There was no development of the underlying facts with respect to these offenses. The criminal case history record information also referred to the prior convictions in 1980, more than two years before this offense, for "armed robbery" and robbery for which defendant served custodial sentences and was paroled, together with other convictions as an adult and an extensive juvenile record.
In State v. Latimore, 197 N.J. Super. 197 (App.Div. 1984), certif. den. 101 N.J. 328 (1985) this court stated:

N.J.S.A. 2C:43-6d requires that the court consider the presentence report in making its finding.... However, because of the dire consequences of an extended term, we believe that reliance upon information contained in the presentence report is insufficient to find defendant's previous conviction of the requisite offenses as a ground for the imposition of an extended term.
* * * * * * * *
We do not believe that the hearing required by N.J.S.A. 2C:43-6d was intended to supercede or replace the hearing before the imposition of an extended term required by N.J.S.A. 2C:44-6e. Under the latter section, defendant was entitled to written notice of the ground proposed for the imposition of an extended term and the opportunity `to hear and controvert the evidence against him and to offer evidence upon the issue.' The fact that application by the prosecutor is not required if the grounds specified in N.J.S.A. 2C:44-3d are found and the extended term is mandatory, see State v. Roth, 95 N.J. 334, 360 (1984), does not eliminate the requirements that written notice be given to defendant of the ground or grounds proposed and that he be given the opportunity to hear and controvert the evidence against him and to offer evidence upon the issue, as required by N.J.S.A. 2C:44-6e.
* * * * * * * *
We conclude that defendant was entitled to written notice of the intention to impose a sentence of imprisonment for an extended term on Counts Two, Six *480 and Eight of Indictment No. 125.81. Where, as here, application by the prosecutor is not required in order to impose an extended term the court should direct the prosecutor to give the required written notice. We further conclude that at the hearing defendant had a right to hear and controvert the evidence against him and to offer evidence upon the issue. Before imposing an extended term, the sentencing judge was required to make a finding that defendant had previously been convicted of any of the offenses enumerated in N.J.S.A. 2C:44-3d. Such prior conviction is to be established at the hearing by certified copy of the judgment of conviction. The prosecutor should be directed to obtain such certified copy of the judgment or judgments of conviction for introduction at the hearing at the same time that notice is given to defendant of the ground proposed for imposition of the extended term. This procedure will afford defendant the notice and opportunity to controvert the evidence against him as required by N.J.S.A. 2C:44-6e. [at 220-222].
The presentence report is, of course, subject to review by the defendant and to contest as to facts contained therein. See State v. Kunz, 55 N.J. 128 (1969); R. 3:21-2. A defendant should have every opportunity to contest information before the sentencing court with respect to imposition of a mandatory extended term, and the State should be required to prove that a mandatory sentence is required. See N.J.S.A. 2C:43-6d. However, where there is information before the court that a mandatory sentence is required, and the defendant does not indicate any contest to that information or assert that the information warrants development at a plenary hearing, we do not believe that such hearing is required. Moreover, given the express language of N.J.S.A. 2C:43-6c that a defendant "previously convicted" of a "Graves" offense "shall be sentenced by the court to an extended term as authorized by 2C:43-7c., notwithstanding that extended terms are ordinarily discretionary with the court" and 2C:44-3 that "the court shall sentence the defendant to an extended term as required by 2C:43-6c., and application by the prosecutor shall not be required," we disagree with the holding in Latimore that written notice by the prosecutor is nevertheless required.[3]
*481 Where a defendant is convicted of a "Graves" offense, the presentence report should address whether defendant has been previously convicted of a "Graves" offense thereby mandating an extended term. If that is not clear from the record and cannot be obtained from prior judgments or investigation, see also N.J.S.A. 2C:44-4, the presentence report should so note, and the prosecutor can further investigate the matter.
In any event, the defendant can challenge the conclusion and require the State to establish the prior conviction for a "Graves" offense. Unfortunately, the presentence report in this case did not adequately address the nature of the prior convictions. However, Union County Indictment No. 280-79 was before the court and there was no contest over the fact that defendant had been previously convicted of an armed robbery with a firearm within the meaning of the Graves Act, see State v. Gantt, 101 N.J. 573 (1986), and that defendant had been sentenced on that offense on February 1, 1980, more than two years before the present charge occurred. Defendant was given the opportunity to contest the fact of a prior conviction for a "Graves" offense, and while he argued that written notice and a hearing were required, he never argued either that there had been no such conviction or that the State should be required to formally introduce the judgment and relevant information concerning the nature of the conviction under Indictment 280-79. Pursuant to N.J.S.A. 2C:44-4d the prior conviction could have been presented to the court in a way that "reasonably satisfies the court that the defendant was convicted" previously of a Graves offense. Where the judgment is unclear, any contest as to whether the prior armed robbery involved use or possession of a "firearm" can be considered pursuant to N.J.S.A. 2C:43-6d.
Under the circumstances and notwithstanding the fact that the presentence report should have contained more information concerning the previous conviction for armed robbery so as to put defendant on earlier notice concerning the possibility *482 of application of extended term criteria, we are satisfied that this record requires no remand given the position of defendant at the sentencing hearing. He was given the opportunity to challenge the prosecutor's proffer at the time of sentencing. Under these circumstances, if defendant actually desires to contest whether he was previously convicted of a "Graves" offense, he should move before the trial court under R. 3:22-2 for correction of an illegal sentence.
We are satisfied from our careful review of the record that the extended term imposed was not manifestly excessive. It was below the presumptive term for an extended first degree sentence. See N.J.S.A. 2C:44-1f(1).
Accordingly, the judgment under review including the extended sentence is affirmed.
NOTES
[1] Defendant does not contend on this appeal that he was improperly found to be a "Graves" offender with respect to the present offense. See State v. Gantt, 101 N.J. 573 (1986).
[2] N.J.S.A. 2C:44-3d relates to a defendant who is "at least 18 years of age and has been previously convicted of any of the following crimes: 2C:11-3, 2C:11-4, 2C:12-1b, 2C:13-1, 2C:14-2a., 2C:14-3a., 2C:15-1, 2C:18-2, 2C:29-5, 2C:39-4a., or has been previously convicted of an offense under Title 2A of the New Jersey Statutes which is equivalent of the offenses enumerated in this subsection and he used or possessed a firearm, as defined in 2C:39-1f., in the course of committing or attempting to commit any of these crimes, including the immediate flight therefrom."
[3] We read R. 3:21-4(d), adopted prior to enactment of the Graves Act, to require a motion for an extended term only where N.J.S.A. 2C:44-3 and 2C:44-6e require such a motion.