STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. BILLY REED, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 7, 1987—Decided February 6, 1987.

Before Judges FURMAN and STERN.

*Philip Stephen Fuoco* argued the cause on behalf of appellant.

*James P. Lynch,* Assistant Prosecutor, argued the cause on behalf of respondent (*Samuel Asbell,* Camden County Prosecutor, attorney).

PER CURIAM.

The facts concerning the tragic events resulting in the death of Lisa Kline and the conviction of defendant for manslaughter are set forth in our opinion reported at 211 *N.J.Super.* 177 (App.Div.1986). Following remand, the trial judge reimposed the same sentence, 10 years in the custody of the Commissioner of Corrections with five years to be served before parole eligibility. The judge recognized that recklessness was an element of the offense and that Ms. Kline's death occurred

under circumstances unlikely to recur. However, he found that the nature and circumstances of the offense involving a defendant knowledgeable about firearms, the manner in which the particular events occurred at close range to Ms. Kline, and the need for deterrence were aggravating factors which outweighed the mitigating factors. The judge appears to have reasoned that the maximum sentence was required to deter similar accidents.

We recognize that *N.J.S.A.* 2C:43–6c does not contain language similar to *N.J.S.A.* 2C:43–6b regarding necessary findings which must be made prior to the discretionary imposition of a parole ineligibility term. *See State v. Guzman,* 199 *N.J.Super.* 346, 351, n. 3 (Law Div.1985). Nevertheless, for purposes of this opinion, we will presume that in order to raise the ineligibility term above the mandatory minimum, *N.J.S.A.* 2C:43–6c, the sentencing judge in stating reasons for increasing the ineligibility term above the mandatory minimum must find that the aggravating factors outweigh the mitigating. *See* 211 *N.J.Super.* at 189.

*State v. Martin,* 209 *N.J.Super.* 473 (App.Div.1986), certif. granted 104 *N.J.* 461 (1986) is not to the contrary. *Martin* involved a mandatory extended term with a parole ineligibility requirement mandated by *N.J.S.A.* 2C:43–6c, 2C:43–7c and 2C:44–3d. In *Martin* we concluded that a "Graves Act" sentence of 30 years, with 15 years to be served before parole eligibility, was not excessive because it was below the presumptive term of 50 years. *See N.J.S.A.* 2C:43–7a(2), 44–1f(1). *See also* 209 *N.J.Super.* at 482. Different factors are involved when the sentencing court is imposing an extended term. *See State v. Guzman, supra,* 199 *N.J.Super.* 350–351, n. 2, 3. While *Martin* did not discuss the subject at length, it is clear that the ineligibility term of 15 years, or one-half the specific term imposed therein, involved less time than one-third of the presumptive term.

Our review of the sentencing proceedings in the instant case convinces us that the judge concluded that the

aggravating factors substantially outweighed the mitigating and required both a sentence above the presumptive term and a maximum period of parole ineligibility. While we may not have imposed the same sentence ourselves, we conclude that the judge followed the Code guidelines, did so based on sufficient evidence in the record, and did not impose a sentence which shocks the judicial conscience. *See State v. Roth,* 95 *N.J.* 334, 365–366 (1984). *See also State v. Porter,* 210 *N.J.Super.* 383, 396–397 (App.Div.1986). Moreover, we reject the suggestion at oral argument that the factor which requires the imposition of a legislatively mandated parole ineligibility term cannot be considered as a basis for increase of the specific term sentence and period of ineligibility based thereon.[1] *See* and compare *McMillan v. Pennsylvania,* 477 *U.S.* ——, 106 *S.Ct.* 2411, 91 *L.Ed.*2d 67 (1986); *State v. Yarbough,* 100 *N.J.* 627, 633, 644 (1985), *cert.* den. *sub nom. Yarbough v. New Jersey,* —— *U.S.* ——, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986).

Affirmed.

---

[1]We note that in this case the use or possession of a firearm is neither an element of the offense nor a basis for the degree of crime.