STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
DONNELL MARTIN, A/K/A DONALD MARTIN,
DEFENDANT–APPELLANT.

Argued March 17, 1987—Decided March 24, 1988.

*Randall W. Westreich,* Designated Counsel, argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney).

*Cynthia A. Vella,* Assistant Prosecutor, argued the cause for respondent (*John H. Stamler,* Union County Prosecutor, attorney).

The opinion of the Court was delivered by

WILENTZ, Chief Justice.

The Graves Act (*L.*1981, *c.* 31) is designed to deter the possession or use of guns by criminals. It requires special sentencing for certain offenses when a gun is involved. Imprisonment is mandatory. The minimum term of imprisonment must be at least eighteen months for a fourth-degree crime and at least three years for any other crime; the law explicitly prohibits parole during these minimum terms. *N.J.S.A.* 2C:43–6c. The consequences are even more severe if the defendant has a prior Graves Act conviction, roughly twice as severe. That is the result of the Act's mandatory extended sentence provisions for second-time gun offenders. *N.J.S.A.* 2C:43–7a, c. It is therefore important for the State to prove that such a prior conviction exists. It is also important that the defendant be given the opportunity to prove that it does not.

The question in this case is whether a defendant, upon conviction of a Graves Act offense, may be sentenced to an extended term of imprisonment, based on a prior Graves Act conviction, without being notified that an extended term will be sought and without being given a hearing on whether there was such a prior conviction.[1] Here defendant, Donnell Martin, was

---

[1]Originally this Court also granted certification on two other issues not addressed herein. On the issue of whether the photographic identification by which defendant was apprehended was unconstitutionally suggestive and substantially risked misidentification of the defendant, we hereby vacate our original order granting certification and limit it to the Graves issue.

Defendant also challenges his sentence as manifestly excessive and as an abuse of discretion. Because we are remanding defendant's case for a new sentencing hearing, we do not address that claim today. We do note, however,

convicted of a Graves Act offense: first-degree robbery, *N.J.S.A.* 2C:15–1, in which he used or possessed a firearm. Had there been no prior Graves Act conviction, he would have been sentenced to prison for a term of between ten and twenty years, and would have been ineligible for parole for a period of no less than three and one-third years and no more than ten years, depending on the underlying sentence. *See N.J.S.A.* 2C:43–6a(1), –6c. By virtue of the extended term, however, he was subject to a mandatory term of imprisonment ranging from twenty years to life imprisonment, along with a mandatory parole ineligibility period of not less than six and two-thirds nor more than twenty-five years. *See N.J.S.A.* 2C:43–7a, –7c. When he appeared for sentencing, he had not been notified either by the court or by the prosecutor that this extended term might be imposed. On learning that it was going to be imposed, he requested a hearing. That request was denied.[2] The trial court sentenced him to imprisonment for thirty years with a fifteen-year period of parole ineligibility. The term of imprisonment actually imposed on him because of the invocation of the extended term provision was fifty percent greater than the *maximum* that could have been imposed under an ordinary term; the period of parole ineligibility actually imposed on him was also fifty percent greater than the maximum that could have been imposed.

The Appellate Division held that the statute did not require that defendant receive any advance notice that an extended

without commenting on the sentence imposed below, that *Rule* 3:21–4(e) requires the sentencing court to state the factual basis supporting findings of particular aggravating or mitigating factors affecting the sentence. We direct that on resentencing such reasons and findings should be clearly stated.

[2]The trial court stated:

> You requested a hearing. The defense is entitled to a hearing on that phase as to whether or not in this case, the case at hand, *not the original* but this one on which he is being tried, whether or not it is proven by a preponderance of the evidence that what he possessed or used was a firearm. [Emphasis supplied.]

term might be imposed or that a hearing be conducted in order to determine the issue. 209 *N.J.Super.* 473 (1986). It recognized that its holding conflicted with *State v. Latimore,* 197 *N.J.Super.* 197 (App.Div.1984), certif. den., 101 *N.J.* 328 (1985). We certified the case in order to resolve the conflict. 104 *N.J.* 461 (1986); *see R.*2:12–4. We hold that notice and hearing are required before a mandatory extended term may be imposed based on a prior Graves Act conviction.

Our statement of the issue defines it much more clearly than it appeared in fact. For instance, the defendant, although not given written notice of the potential mandatory extended term, presumably knew of the possibility of its imposition. He was represented by able counsel, and the transcript of the sentencing proceedings contains no suggestion that counsel was unaware either of defendant's prior record or of the rather clear mandate of the law. Moreover, while counsel requested a hearing on the extended term issue, he did not explicitly suggest or claim that the prior offense was *not* a Graves Act offense. The Appellate Division implied that such a claim might have resulted in a hearing and that its absence may have been regarded as a waiver. *See* 209 *N.J.Super.* at 480–81. As the Appellate Division viewed the record, which included a presentence report stating that defendant pleaded guilty to "armed robbery" in 1980, it is obvious that it regarded the argument about the requirement of notice and hearing, given the *apparent* facts before it, as a diversion. Since it concluded that defendant did not seriously contest the existence of a prior Graves Act conviction, it found little sense in reversing and remanding so that defendant could be notified of and given a hearing on a claim he apparently could not controvert. And to the extent that the Appellate Division had any doubt on this subject, it provided for the possibility of error by explicitly advising the defendant that if he "actually desires to contest whether he was previously convicted of a 'Graves' offense, he should move before the trial court under *R.*3:22–2 for correction of an illegal sentence." 209 *N.J.Super.* at 482.

We recognize the possibility that in the case before us today, the disposition by the Appellate Division may both accomplish substantial justice and conserve judicial energy. We conclude, however, that the matter should be definitively resolved because the relevant statutes clearly require notice and a hearing, as the *Latimore* court held. More than that, the issue here—whether there was a prior Graves Act conviction—is not, given its consequences, one that is wisely resolved through practical techniques similar to those often used in civil cases to dispose of matters that are not seriously contested. There is a qualitative difference between deciding whether such a prior conviction exists and deciding in a civil matter whether, for example, there is no "genuine issue as to any material fact challenged" so as to grant summary judgment (*R.*4:46–2), or whether a matter may proceed summarily on the papers "or on minimal testimony in open court" (*R.*4:67–2(b)). Important as these determinations are, they do not affect a defendant's liberty.

While it is true that the imposition of an extended term is but another form of sentencing and therefore not subject to the procedural requirements of the criminal trial itself, clearly the extended term has most drastic consequences, and should be accompanied by a process appropriate for such consequences. Given the imprecision of the trial court's proceedings, it is understandable—indeed commendable—that the Appellate Division, even though it concluded that the sentencing proceeding was proper, sought certainty about the correctness of its decision by explicitly advising defendant that he could challenge the sentence if he really objected to it. But this indicates not only that court's resolve to be fair, but also the potential unfairness of the procedure it sanctioned. Where substantial liberty interests are at stake, where the consequences are thirty years imprisonment instead of fifteen (the presumptive term as no extended term is involved), or fifteen years without the possibility of parole instead of seven and one-half (the maximum parole ineligibility if the fifteen-year presumptive term had been imposed), process should be designed as carefully as

possible to prevent mistakes from occurring, rather than to provide a mechanism for correcting them later on.

We view the statutory materials as clearly disposing of the issue. An extended term is ordinarily discretionary: "The court *may* ... sentence a person ... to an extended term" if certain conditions are found, but it need not. *N.J.S.A.* 2C:44-3. Furthermore, ordinarily an extended term may be imposed only "upon application of the prosecuting attorney." *Ibid.* Both of those conditions, however, are inapplicable to an extended term imposed on account of a second Graves Act offense, for the statute equally explicitly provides that under those circumstances "application by the prosecutor shall *not* be required," *ibid.* (emphasis added), and that the defendant "*shall*" be sentenced to an extended term "notwithstanding that extended terms are ordinarily discretionary with the court." *N.J.S.A.* 2C:43-6c (emphasis supplied). Based on those provisions, the Appellate Division below understandably, though we believe incorrectly, reasoned that since application by the prosecutor was explicitly dispensed with, and since there was no discretion in any event concerning the matter, neither notice nor hearing was necessary. The obvious problem with this reasoning is that there may very well be an extended term issue that is quite hotly contested, for it is not always clear whether a prior conviction was for a Graves Act offense. In a common situation, that of a conviction for "armed robbery," the Code currently allows (as it did before) conviction even where there was no firearm, so long as a "deadly weapon" (under the new Code) or a "dangerous instrument" (under the old law) was used. *See N.J.S.A.* 2C:15-1; *N.J.S.A.* 2A:141-1, 2A:151-5 (repealed 1979). Moreover, under the Code, there may be a conviction even if the "weapon" is feigned. *State v. Hutson,* 107 *N.J.* 222 (1987). Therefore a conviction for "armed robbery," under the old law or new Code, provides no certainty concerning the Graves Act issue of whether a firearm was involved.

Recognizing that a conviction alone will not establish that the crime was committed with a firearm, the Graves Act explicitly

provides for a hearing to determine if the defendant may be subjected to a mandatory sentence of imprisonment:

> The court shall not impose a mandatory sentence pursuant to *subsection c of this section, 2C:43-7c. or 2C:44-3d.*, unless the ground therefor has been established at a hearing. [*N.J.S.A.* 2C:43-6d (emphasis added).]

It is clear that this hearing is required not only to determine whether the present offense was a Graves Act offense but also to determine whether the defendant previously committed a Graves Act offense so as to be subject to a mandatory extended term. The "subsection c" referred to in *N.J.S.A.* 2C:43-6d, quoted above, contains the provisions for a mandatory extended term as well as the provisions for mandatory imprisonment on first conviction; 2C:43-7c and 2C:44-3d, also referred to above, are the very sections that provide for the extended term. Subsection 6d, therefore, is an explicit command for "a hearing" at which "the ground" for an extended Graves term—or an ordinary Graves term—must be established. And 2C:44-3 itself clearly contemplates a "finding" by the court as a condition for imposing any extended term:

> If the grounds specified in subsection d are found [subsection d being the prior Graves Act offense] ... the court shall sentence the defendant to an extended term ... and application by the prosecutor shall not be required. *The finding of the court shall be incorporated in the record.* [Emphasis added.]

A "finding" usually implies a prior hearing.

Finally, there is 2C:44-6e, which provides as follows:

> The court shall *not* impose a sentence of imprisonment for an extended term unless the ground therefor has been established *at a hearing* after the conviction of the defendant *and on written notice to him* of the ground proposed. The defendant shall have the right to hear and controvert the evidence against him and to offer evidence upon the issue. [Emphasis added.]

Nothing could be clearer. The substance of the statute contains no internal conflict. When the Legislature dispensed with judicial discretion and prosecutorial consent in making the extended term mandatory, it did not at the same time intend to strip defendant of the right to contest the underlying facts. It is one thing to take the discretion from the court and the prosecutor, and another to take due process from the defendant. We have no doubt that the Legislature intended the notice

provision to apply to extended terms based on a second Graves Act offense. Notice alerts the defendant to the precise charge that he will have to face, the precise claim that is being made, the precise prior conviction that will be asserted that has the potential of vastly increasing the actual time he may have to spend in prison. It not only gives defendant the chance to controvert the claim but it puts the procedure on the formal footing so necessary to assure its integrity and to assure the correctness of its outcome. The prosecutor, in a sense, is also put on notice, even if in fact it is the prosecutor who is required by the court to mail the notice. The prosecutor is put on notice that he must be ready to proceed. Proofs must be adduced—in most cases, a certified copy of a conviction, transcripts of testimony indicating that a firearm was possessed or used, or other information, in addition to the presentence report.

The approach adopted today is also supported by a recent amendment to *Rule* 3:21–4(d), which became effective January 1988. The rule now reads as follows:

> (d) *Extended or Enhanced Term of Imprisonment; Sentence Pursuant to N.J.S.A. 24:21–29.* A motion pursuant to *N.J.S.A.* 2C:44–3 for the imposition of an extended term of imprisonment or a motion for enhancement of sentence pursuant to *N.J.S.A.* 24:21–29 shall be filed with the court by the prosecuting attorney within 14 days of the entry of defendant's guilty plea or of the return of the verdict. *Where the defendant is pleading guilty pursuant to a negotiated disposition, the prosecutor shall file the motion prior to the date of the plea. A copy of the motion shall be served on the defendant and defendant's counsel.* For good cause shown the court may extend the time for filing the motion. The sentence shall include a determination as to whether the defendant was convicted and sentenced to an extended term of imprisonment as provided in *N.J.S.A.* 2C:43–7, 2C:44–3 and 2C:44–6e, or whether the defendant was being sentenced pursuant to *N.J.S.A.* 24:21–29, and the commitment or order of sentence which directs the defendant's confinement shall so specify.
>
> [*Pressler, Current N.J. Court Rules, R.*3:21–4(d) at 561 (1988) (underlined portions denote amendments); *see also* 120 *N.J.L.J. Index Page 1145,* December 10, 1987 (N.J.Rule Amendments Special Supplement).]

*Rule* 3:21–4(d) now requires that where the plea is negotiated, the prosecutor must file a motion for an extended or enhanced term prior to the date of the plea to assure that the defendant is aware of what the "maximum exposure" is for the

offense thereby assuring that the plea is voluntary, knowing, and intelligent. *See State v. Cartier*, 210 *N.J.Super.* 379 (App.Div.1986) (holding that a defendant cannot be sentenced to an extended term unless he has been apprised of extended term possibility at time of plea); Committee on Criminal Practice—Commentary to Proposed *R.*3:21-4(d), 120 *N.J.L.J. Index Page 125*, July 16, 1987 (Supreme Court Committee Reports Special Supplement).

The 1988 amendment to *Rule* 3:21-4(d) does not specifically address the question presented here, namely, whether a defendant is entitled to notice and a hearing before being sentenced to an extended term for a second Graves Act offense pursuant to *N.J.S.A.* 2C:44-3d. Nevertheless, the rationale underlying the 1988 amendment supports our holding. No matter which way the defendant ultimately chooses to plead, he should know the risk he faces.

What happened before this trial court falls far short of what is needed. It is not enough for a prosecutor, as he did here, to represent to the court that a firearm was used. Certainly prosecutors do not ordinarily make this kind of statement without a solid basis for it. And the implications of the presentence report and the relative passivity of defendant and his counsel at the sentencing all add up to a fair probability that a firearm was used or possessed in conjunction with the prior robbery conviction. More is needed, however, and the silence of the defendant at the hearing cannot be relied on. What is important is not whether in this case some time and energy are wasted in forcing the State to prove precisely those elements that will result in this extended term of imprisonment to this defendant. What is important is that in all cases society is assured that its sanction, imprisonment for a mandatory extended term, is being imposed only when all of the facts and circumstances clearly warrant their imposition; and that citizens are assured that all aspects of our criminal proceedings are not only designed to be fair, but that they are fair in fact.

We reverse the judgment of the Appellate Division and remand the matter to the trial court for further proceedings consistent with this opinion. The court shall direct that the prosecutor notify defendant that on resentencing, if the statutory requirements are met, a mandatory extended term will be imposed, and state in that notice the prior conviction that will be relied on and the substance of the proof that will be adduced in support of the claim that it is a prior Graves Act conviction. Defendant shall be afforded a hearing and such procedural rights as are appropriate in aid of whatever attempt he may make to controvert the prosecutor's claim.

*For reversal and remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For affirmance*—none.