STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. CLYDE SCOTT, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 18, 1989—Decided October 19, 1989.

Before Judges J.H. COLEMAN and BRODY.

*T.J. Morrow,* Designated Counsel, argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney; *T.J. Morrow,* on the brief).

*Sandra M. Iammatteo,* Deputy Attorney General, argued the cause for respondent (*Peter N. Perretti, Jr.,* Attorney General, attorney; *Sandra M. Iammatteo,* of counsel and on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Following a jury trial, defendant was convicted of first-degree armed robbery. *N.J.S.A.* 2C:15–1. He committed the robbery with the use of a firearm. After finding that defendant had previously been convicted of other armed robberies with the use of a firearm, the trial judge imposed an extended Graves Act sentence of 50 years imprisonment, 16 years and 8 months to be served before parole eligibility.

Defendant argues that the trial judge erred in permitting the jury to consider inadmissible hearsay and evidence of allegedly tainted identifications, in failing to give the jury a *Clawans* charge after the State failed to call a police officer as a witness and in finding that defendant had previously committed Graves Act offenses. We find no error that affected the fairness of the trial, but remand for the judge to take additional evidence as to whether defendant had committed prior Graves Act of-

fenses, and, depending on his findings, to reconsider whether defendant qualifies for an extended Graves Act sentence.

The State presented evidence that part of the victim's job was to take his employer's daily deposit to the bank. One day, at about 1:00 p.m., as the victim was walking to his car to drive to the bank, defendant stopped him and stole the deposit at gunpoint. The testimony of a co-employee of the victim, who had known defendant for about three years, tended to corroborate the victim's identification of defendant as the robber. The co-employee testified that he had spoken with defendant on the street near the victim's place of employment about an hour before the robbery. In this conversation defendant said that he was about to commit a robbery and showed the co-employee a handgun that he took from the waistband of his trousers.

The victim and the co-employee separately identified defendant to the police from photographs. At the close of a *Wade* hearing the trial judge properly measured the evidence against the standards set forth in *Neil v. Biggers*, 409 *U.S.* 188, 198, 93 *S.Ct.* 375, 381, 34 *L.Ed.*2d 401, 410 (1972), and found that the identifications were not "so unnecessarily suggestive or conducive to irreparable mistaken identification as to constitute a denial of due process." We must sustain the judge's findings because, from our review of the transcript of the hearing, they "could reasonably have been reached on sufficient credible evidence present in the record." *State v. Johnson*, 42 *N.J.* 146, 162 (1964).

The trial judge correctly ruled that though the co-employee's testimony included defendant's statement that he intended to commit an armed robbery, defendant's statement was relevant and admissible as an admission. *Evid.R.* 63(7).

The State did not call as a trial witness a police officer who had witnessed the photographic identifications. The trial judge denied defendant's request to instruct the jury that it might draw an adverse inference from the State's failure to call

the witness. The judge found, on the basis of the witness's testimony in an earlier proceeding, that he would not add anything new to the evidence and was as available to defendant as he was to the State. The record supports the finding. In those circumstances the judge properly denied defendant's request. *State v. Clawans*, 38 *N.J.* 162, 171 (1962).

 Although the argument is not presented as a separate point or fully developed, defendant contends throughout his brief that the testimony of the State's witnesses was not credible. However, it is the jury's function, not ours, to evaluate "the credibility of witnesses and the weight and worth of evidence." *State v. Ingenito*, 87 *N.J.* 204, 211 (1981).

Several factors make it difficult to determine from this record whether defendant had previously been convicted of a Graves Act offense and is therefore subject to a mandatory extended prison sentence as a Graves Act multiple offender. When he was 17 years old, defendant committed a series of armed robberies on a spree which resulted in two criminal convictions, entered on guilty pleas, after the Family Part had waived its jurisdiction to try him as a juvenile. In both instances, however, defendant was armed with a knife, not a firearm, so that at least facially the crimes were not Graves Act offenses. That conclusion is apparently confirmed by the fact that on March 25, 1983, the trial judge in those cases imposed reformatory sentences that are not available when sentencing for Graves Act offenses. *State v. DesMarets*, 92 *N.J.* 62, 76 (1983).

On the other hand, the grand jury testimony of the victims of those earlier robberies and defendant's own written statement to the police lead one to conclude that on at least one of those occasions he knew in advance that an accomplice would use a firearm to commit the crime. Defendant's earlier robberies were Graves Act offenses if he "knew or had reason to know before the crime was committed that his partner would possess

or use a firearm while the crime was being committed...."
*State v. White*, 98 *N.J.* 122, 131 (1984).

The State views the non-Graves Act sentence for the earlier robberies as legal error. The assistant prosecutor represented to the trial judge in this case that the firearm used in the earlier robberies was never recovered so it was impossible to determine whether it was operable. He argued that the judge who sentenced defendant for the earlier robberies probably shared the then prevalent but mistaken view that the Graves Act did not apply unless the State could prove that the firearm possessed or used in the course of committing the crime was operable at the time. That view of the law was later rejected in *State v. Gantt*, 101 *N.J.* 573, 589–590 (1986).

The trial judge accepted the State's claims, despite defendant's objection that the prior non-Graves Act sentences established that the earlier robberies were not Graves Act offenses. Defendant alternatively argued that if the prior sentences were not dispositive of the issue he wanted an opportunity to discredit the victims' grand jury testimony and his prior written statement upon which the judge relied in finding that defendant had known in advance that his accomplice would use a firearm in the course of committing the earlier robberies.

■ We agree with the State that the prior armed robberies are not to be deemed non-Graves Act offenses simply because the judge imposed non-Graves Act sentences. The relevant portion of *N.J.S.A.* 2C:43–6c provides:

A person who has been convicted of an offense enumerated by this subsection and who used or possessed a firearm during its commission ... and who has been previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44–3d., shall be sentenced by the court to an extended term....

The offenses defined in *N.J.S.A.* 2C:44–3d include

... an offense under Title 2A of the New Jersey Statutes which is equivalent of the offenses enumerated in this subsection....

Thus a prior conviction may not only have predated the Graves Act but may even have predated the Code and therefore not have carried a Graves Act sentence.

■ Even in circumstances where the prior judge had clearly imposed a Graves Act sentence, we said:

> In view of defendant's representations to the trial court at the sentencing here, we are satisfied that the plea proceeding resulting in the prior Graves Act conviction must be scrutinized to determine if there was a factual basis adequate to support the Graves Act conviction.... Since defendant's prior Graves Act conviction, according to the judgment itself, was based on his accomplice status, that aspect of his plea requires scrutiny as well. [*State v. Jefimowicz*, 230 *N.J.Super.* 42, 51 (App.Div.1989).]

The issue to be determined is not whether the previous sentence was imposed pursuant to the Graves Act but whether it was for the kind of offense that was a Graves Act offense at the time defendant committed the Graves Act offense for which he is being sentenced.

■ Therefore, regardless of what the prior judge may have done, the present inquiry requires the sentencing judge in this case to conduct a hearing, pursuant to *N.J.S.A.* 2C:43-6d, after which he must make appropriate findings as to whether defendant had constructively used or possessed a firearm in the course of committing the earlier robberies. *State v. Martin*, 110 *N.J.* 10, 17-18 (1988), decided after this extended sentence was imposed, emphasized the need to afford a defendant a full opportunity to contest the grounds for imposing an extended prison sentence. There the Court directed that "[p]roofs must be adduced—in most cases, a certified copy of a conviction, transcripts of testimony indicating that a firearm was possessed or used, or other information, in addition to the presentence report." *Ibid.* Here, where there was no transcript of a trial of the earlier robbery charges because defendant had pled guilty, a transcript of the *retraxit* hearing should be carefully

examined.[1]

Defendant must also be afforded a full opportunity to challenge any hearsay evidence that the State may offer of his constructive use of a firearm in the earlier robberies. *See State v. Jefimowicz*, 230 *N.J.Super.* at 50. (A defendant may collaterally attack the validity of a prior Graves Act conviction.)

In view of the "drastic consequences" of a Graves Act extended prison sentence, the *Martin* Court imposed on the State a heavy burden of proof if there is a genuine dispute as to whether the earlier conviction was for a Graves Act offense:

> What happened before this trial court falls far short of what is needed. It is not enough for a prosecutor, as he did here, to represent to the court that a firearm was used. Certainly *prosecutors do not ordinarily make this kind of statement without a solid basis for it.* And the implications of the presentence report and the relative passivity of defendant and his counsel at the sentencing all add up to a fair probability that a firearm was used or possessed in conjunction with the prior robbery conviction. More is needed, however, and the silence of the defendant at the hearing cannot be relied on. What is important *is not whether in this case some time and energy are wasted in forcing the State to prove precisely those elements that will result in this extended term of imprisonment to this defendant.* What is important is that in all cases society is assured that its sanction, imprisonment for a mandatory extended term, is being imposed only when all of the facts and circumstances *clearly warrant* their imposition; and that citizens are assured that all aspects of our criminal proceedings are not only designed to be fair, but that they are fair in fact. [Emphasis added. *Martin*, 110 *N.J.* at 19.]

■ In sum, a defendant qualifies for an extended prison term as a second Graves Act offender regardless of whether he received a Graves Act sentence for the earlier offense if, after a hearing conducted pursuant to *N.J.S.A.* 2C:43–6d, the facts and circumstances clearly support a finding that the earlier offense was a Graves Act offense.

The sentence is set aside and the matter remanded for resentencing following a hearing and based on detailed findings as to whether defendant constructively used or possessed a

---

[1] Although the parties were unable to produce at oral argument a transcript of the *retraxit* hearing in response to our request, they did not rule out the possibility that one can be obtained.

firearm in the course of committing either of the earlier robberies. The conviction is otherwise affirmed.