NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

```
-------------------------------------------------x
INSPIRA MEDICAL CENTERS, INC.,        :
                                      :   TAX COURT OF NEW JERSEY
              Plaintiff,              :   DOCKET NO:   005599-2024
                                      :                004051-2023
       v.                             :                008044-2022
                                      :
CITY OF WOODBURY,                     :
                                      :
              Defendant.              :
                                      :
-------------------------------------------------x
```

Decided:  November 21, 2024.

Jeffrey D. Gordan (Archer & Greiner, P.C.), attorney for plaintiff.

Scott D. Burns (Office of Gloucester County Counsel), attorney for defendant.

CIMINO, J.T.C.

Inspira and its predecessors have been operating a hospital in the City of Woodbury for a number of years. Inspira's Statement of Undisputed Material Facts ¶ 5 (Aug. 29, 2024). In 2019, Inspira opened a new hospital in a nearby township. Affidavit of Craig Black (Black Aff.) ¶ 21 (Oct. 10, 2024), Certification of Mathew Doonan (Doonan Cert.) ¶¶ 13, 14 (Aug. 26, 2024). With the exception of the emergency room and some inpatient mental health beds, most of the hospital floors have been vacant since 2019. Certification of Michelle Marshall (Marshall Cert.) ¶¶ 5, 6 (Aug. 26, 2020). At the present time, Inspira is constructing a new building in

-1-

Woodbury to house emergency and inpatient mental health services. Doonan Cert. ¶15. There are allegations the hospital building will then be put to another use or demolished. Black Aff. Ex. D, at 8, Ex. E, at 5.

The assessor determined Inspira uses two lower floors for hospital purposes. Black Aff. ¶¶ 13, 19. The remaining six upper floors are assessed at full value. Black Aff. ¶¶ 17, 13. Inspira alleges that the upper floors are necessary to support hospital operations, and it is economically impossible to demolish just the upper floors. However, the assessor has presented some evidence that Inspira has been in negotiations with a redeveloper to place residential housing, a hotel, and retail facilities at the site. Black Aff. Exs. D, E. It is unclear whether all these options include demolition of the hospital building. Ibid.

Under appropriate circumstances, hospitals are exempt from property taxes. N.J.S.A. 54:4-3.6, -3.6j. However, a fundamental principle of taxation is the strict construction of statutory exemptions against those invoking an exemption. Advance Hous., Inc. v. Township of Teaneck, 215 N.J. 549, 566 (2013); Int'l Schs. Servs., Inc. v. Township of West Windsor, 207 N.J. 3, 15 (2011); N.J. Carpenters Apprentice Training & Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177 (1996). The party seeking an exemption bears the burden of proving establishment of the basis for the exemption. Advance Hous., 215 N.J. at 566; Int'l Schs. Servs., 207 N.J. at 15; N.J. Carpenters, 147 N.J. at 178. These principles foster the "well-

established policy that 'the public tax burden is to be borne fairly and equitably.'" Advance Hous., 215 N.J. at 566 (quoting Int'l Schs. Servs., 207 N.J. at 15).

To qualify for an exemption, a property owner must show: (1) it is organized for an exempt purpose; (2) its property is used for an exempt purpose; and (3) its operation of the property is not conducted for profit. Advance Hous., 215 N.J. at 567-68 (citing Paper Mill Playhouse v. Township of Millburn, 95 N.J. 503, 506 (1984)); Int'l Schs. Servs., 207 N.J. at 16 (citing Paper Mill Playhouse, 95 N.J. at 506). The three prongs of the test are commonly known as the "organization," "use," and "profit" prongs. Borough of Hamburg v. Trs. Of Presbytery of Newton, 28 N.J. Tax 311, 318 (Tax 2015).

The parties here vigorously contest whether the upper floors of the hospital satisfy the use prong. Prior to a 2021 statutory amendment, hospitals were primarily exempt under N.J.S.A. 54:4-3.6 which provides:

> The following property shall be exempt from taxation under this Chapter: . . . all buildings . . . actually used . . . for hospital purposes, provided that if any portion of a building used for hospital purposes is leased to profit-making organizations or otherwise used for purposes which are not themselves exempt from taxation, that portion shall be subject to taxation and the remaining portion only shall be exempt . . . .
>
> [N.J.S.A. 54:4-3.6 (emphasis added).]

After this Court's decision in A.H.S. Hosp. Corp. v. Town of Morristown, 28 N.J. Tax 456 (Tax 2015), which confronted certain profit-making activities taking

place at non-profit hospitals, the Legislature adopted a specific hospital provision in 2021 which indicates in pertinent part:

> Property, including land and buildings, <u>used</u> as a hospital or satellite emergency care facility, which is owned by an association or corporation organized as a nonprofit entity pursuant to Title 15 of the Revised Statutes or Title 15A of the New Jersey Statutes exclusively for hospital purposes, shall be exempt from taxation, provided that, except as provided in subsection b. of this section, if any portion of the property is leased to a profit-making organization or otherwise used for purposes which are not themselves exempt from taxation, that portion shall be subject to taxation and the remaining portion only shall be exempt from taxation.
>
> [<u>L.</u> 2021, <u>c.</u> 17, § 3, N.J.S.A. 54:4-3.6j(a) (emphasis added).]

In addition, the statute provides that the hospital shall pay an annual community service contribution. N.J.S.A. 54:4-3.6j(c).

This case turns in part upon the use prong. The original statute required that the building is "actually used" for hospital purposes. N.J.S.A. 54:4-3.6. The latest enactment of the Legislature only requires that the land and building is "used" for hospital purposes. N.J.S.A. 54:4-3.6j. Inspira ascribes significant legislative intent to the absence of the word "actual" in the 2021 statute. There have not been any decisions addressing whether there is a difference between "actual use" and "use" when it comes to tax exemptions. One New Jersey decision addresses the issue in construing an insurance policy. <u>Gronquist v. Transit Casualty Company</u>, 105 N.J.

Super. 363, 370 (Law Div. 1969). However, the decision is over fifty years old and from the Law Division. Ibid. It is also unclear whether the absence of the word "actual" from the 2021 legislation is an attempt to draw a dichotomy between actual and constructive activities. See, e.g., State v. Scott, 236 N.J. Super. 264, 270-71 (App. Div. 1989) (weapons offenses); Hill v. Warner, Berman & Spitz, P.A., 197 N.J. Super. 152, 161-62 (App. Div. 1984) (delivery of financial documents).

"When determining whether a property is actually used for a tax-exempt purpose, the Tax Court evaluates whether the property is 'reasonably necessary' for such tax-exempt purposes." [1] Christian Mission John 3:16 v. City of Passaic, 243 N.J. 175, 186 (2020) (emphasis added). Without the word "actual," Inspira argues that the 2021 statute is broader.

The upper floors of the hospital are vacant. Black Aff. ¶ 13. Inspira insists that they are essentially stuck with the upper floors upon the relocation of the hospital to a nearby community. Marshall Cert. ¶ 8. It is simply not economically feasible to demolish the upper floors. Ibid. Moreover, there are certain mechanical systems located on and are integrated into the upper floors which are necessary to operate the lower floors where hospital operations are still taking place. Ibid. Thus,

---

[1] "The 'actual use' requirement does not demand that the particular use of the building is 'absolutely indispensable' to the tax-exempt purpose." Ibid.

Inspira argues while the upper floors are not "actually used" for hospital purposes, they are nevertheless "used" to support the hospital.

On the other hand, Woodbury alleges that Inspira has not limited itself to using the hospital for exempt purposes. Woodbury seemingly challenges not only the use prong, but the profit prong as well. This is not surprising since the use and profit prongs are often "interwoven" and considered in "tandem." Int'l Schs. Servs., 207 N.J. at 17. Woodbury has obtained proofs that a redeveloper has expressed interest in the property. Black Aff. Exs. D, E. Proposals indicate the site is slated for residential and commercial redevelopment. Ibid.

Depending on the factual record developed in discovery, the focus may shift to the profit prong. If Inspira is marketing the upper floors for lease for non-hospital purposes, that may implicate the profit prong. If the profit prong is not satisfied, the court may avoid deciding if there is any difference between "use" and "actual use." Significant policy considerations were in play when the Legislature adopted the 2021 hospital exemption legislation. See generally Colacitti v. Murphy, 474 N.J. Super. 309 (Law Div. 2022). Determining the significance of the absence of the word "actual" has far-reaching implications in other factual contexts. When there are highly significant policy considerations, a wholly inadequate record is not amenable to summary judgment. Jackson v. Muhlenberg Hospital, 53 N.J. 138, 142

(1969). The bottom line is that the court is not going to wander into the "actual" thicket unless necessary.

Woodbury complains that Inspira has not provided discovery that may reveal whether Inspira has shopped the property around for uses other than those presented to the public thus far. Black Aff. ¶ 39, 43 – 48, 50. Woodbury points out that Inspira has not answered interrogatories addressing: (1) if any portion of the hospital property is suitable for additional development or expansion of existing improvements (Id. at ¶ 39); (2) leases entered by Inspira (Id. at ¶ 43); (3) offers by Inspira to lease any portion (Id. at ¶ 46); (4) offers to Inspira to lease any portion (Id. at ¶ 47); (5) what was marketed (Id. at ¶44); (6) whether any deals fell through (Id. at ¶ 44); (7) options to purchase the property (Id. at ¶ 44); (8) any potential sales (Id. at ¶ 45); (9) any executed contracts of sale (Id. at ¶ 48); and (10) involvement of developers (Id. at ¶ 45). More factual discovery will certainly frame the actual legal issues.

Summary judgment is not an appropriate method of disposing of a matter if there are disputed issues of material fact. Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 540 (1995). "Generally, we seek to afford every litigant who has a bona fide cause of action or defense the opportunity for full exposure of his case." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 193 (1988). "When critical facts

are peculiarly within the moving party's knowledge, it is especially inappropriate to grant summary judgment when discovery is incomplete." Ibid.

In determining whether a church property was non-commercial and thus immune from sidewalk liability, the Appellate Division held the granting of summary judgment was not appropriate without discovery completed. Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 499 (App. Div. 2012). Discovery concerning the use of the property as well as the profits obtained from other activities was necessary. Ibid. The Court should not decide a case based upon facts which are undeveloped or uncertain. Borough of Franklin v. Smith, 466 N.J. Super. 487, 500 (App. Div. 2021). Here, at a minimum, completion of the paper discovery would provide a broader view of Inspira's use of the property and whether it intended to profit from the property.

At this point, the court simply does not know enough about Inspira's efforts to sell or lease all or a portion of the property. Since discovery is far from complete, the court denies plaintiff's motion for summary judgment.