199 N.J. Super. 346 (1985)
489 A.2d 724
STATE OF NEW JERSEY, PLAINTIFF,
v.
RADAMES GUZMAN, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided January 10, 1985.
*348 Daniel C. Nowell, for plaintiff (George L. Schneider, Essex County Prosecutor, attorney).
Pamela Brause, for defendant.
STERN, J.S.C.
This matter requires examination of the relationship between the specific-term sentence imposed by the court under the Code of Criminal Justice and its ability to impose a period of parole ineligibility. The subject must be considered in the context of the reasons for the sentence imposed on December 7, 1984, R. 3:21-4(e), and embodied in the judgment, R. 3:21-5. The reasons are being supplemented herein and embodied in this formal opinion. Cf. R. 3:21-10(a) (reconsideration of sentence on the court's own initiative).
Defendant, Radames Guzman, pled guilty to fourth degree theft, in violation of N.J.S.A. 2C:20-2(b)(3) and:20-3. The plea was conditioned upon the prosecutor's recommendation (pursuant to R. 3:9-3) that another count of the same indictment be dismissed and that any custodial sentence imposed be limited to 364 days in the Essex County Jail.
The presentence report revealed 12 prior convictions, three indictable and nine nonindictable, for transactions involving theft, burglary and receiving stolen property. Moreover, the offense to which defendant pled guilty was admittedly well planned and organized. The court therefore concluded, particularly based on conduct following the imposition of prior sentences and the fact that defendant was on parole at the time of this offense, that there were various aggravating factors, as *349 set forth in N.J.S.A. 2C:44-1(a). They include the risk of another offense, the prior record after defendant had been placed on probation and the need for individual deterrence. See N.J.S.A. 2C:44-1(a); See also N.J.S.A. 2C:44-5(c). While certain mitigating factors, including the needs of defendant's dependents and the impact that further incarceration would have on defendant's family, were considered, see N.J.S.A. 2C:44-1(b), the court was clearly convinced that the aggravating factors substantially outweighed the mitigating.

I.
Given defendant's prior convictions there is no presumption against imprisonment resulting from defendant's guilty plea to a fourth degree crime, see N.J.S.A. 2C:44-1(e), and the court concluded that imprisonment was warranted.[1] The question is whether a period of parole ineligibility can also be imposed.
N.J.S.A. 2C:43-6 provides for ranges of specific term sentences for each degree of crime. See generally State v. Roth, 95 N.J. 334, 356-361 (1984). N.J.S.A. 2C:43-6(a)(4) provides that a specific term not exceeding 18 months shall be fixed for a crime of the fourth degree. N.J.S.A. 2C:44-1(f)(1) establishes the "presumptive term" for each degree of crime. That term should ordinarily be set whenever a sentence of imprisonment is imposed, "unless the preponderance of aggravating factors *350 or preponderance of mitigating factors set forth in [N.J.S.A. 2C:44-1] a and b weighs in favor of higher or lower terms within the limits provided in 2C:43-6." The "presumptive term" for a fourth degree crime is nine months. N.J.S.A. 2C:44-1(f)(1).
Since February, 1981, when chapter 31 of the Laws of 1981 was adopted, a period of parole ineligibility could be imposed in connection with a sentence for "any crime." N.J.S.A. 2C:43-6(b), as written at the time of this offense and as provided today, states:
As part of a sentence for any crime, where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors, as set forth in subsections a and b of 2C:44-1, the court may fix a minimum term not to exceed one-half of the term set pursuant to [N.J.S.A. 2C:43-6] a, ... during which the defendant shall not be eligible for parole.... [Emphasis supplied]
Chapter 569 of the Laws of 1981 added the underscored language effective January 18, 1982. The Senate Judiciary Committee statement appended to Assembly Bill 1904, which became chapter 569, provided, in part, as follows:
There is ... no criteria provided to guide a court in determining whether to impose a mandatory term of parole ineligibility. Assembly Bill No. 1904 would provide that if the court is clearly convinced that that the aggravating factors (i.e., the seriousness of harm to the victim) set forth in 2C:44-1 a substantially outweighs the mitigating factors (i.e., no prior criminal history) set forth in 2C:44-1 b, the court shall impose a term of parole ineligibility.
See also N.J.S.A. 30:4-123.51(a). It is clear, therefore, that in order to impose a period of parole ineligibility for an ordinary term sentence (unless ineligibility is otherwise mandated by another provision of the code, see N.J.S.A. 2C:14-6, 43-6(c))[2], the court must be "clearly convinced" that the aggravating factors "substantially outweigh" the mitigating. See State v. *351 Roth, supra, 95 N.J. at 359; State v. Hodge, 95 N.J. 369, 376 (1984); State v. Yarbough, 195 N.J. Super. 135, 142-143 (App. Div. 1984), certif. granted 99 N.J. 195 (1984). Because the determination of the fixed term sentence requires the same balancing of the aggravating and mitigating factors, this court concludes that, unless a specific provision of the code mandates imposition of a mandatory minimum sentence or period of parole ineligibility,[3] no period of parole ineligibility can be imposed unless the sentencing judge concludes that the "presumptive term" should be increased. The increase need not necessarily be to the top of the range, and there can be no mechanical test with respect to the amount of increase above the "presumptive term." However, the statement of reasons must indicate why the aggravating factors substantially outweigh the mitigating and why an ineligibility term is imposed. See N.J.S.A. 2C:43-2(e); R. 3:21-4(e).

II.
In this case the prosecutor recommended a sentence of 364 days.[4] At the time of plea defendant was advised of the possibility of a parole ineligibility term and the question is whether it can be imposed consistent with the recommendation. Defendant did not suggest that he entered a plea with expectations that no ineligibility term could be imposed. Certainly the defendant could assert the absence of a knowing, voluntary *352 plea, and the right to withdraw, or seek to have the ineligibility term stricken, had the subject not been addressed at the time of plea. See R. 3:9-2; State v. Kovack, 91 N.J. 476 (1982). Nevertheless, the court is faced with a negotiated recommendation permitting a maximum sentence only three months above the "presumptive term."
Negotiated pleas must be encouraged as a realistic and practical means of disposing of criminal matters, subject, of course to acceptance by the court at the time of disposition. Plea negotiations are now recognized by the Rules Governing the Courts of New Jersey, and the results of negotiations must be reported to the court at the time of the pretrial conference. R. 3:13-1(a). Our rules also provide a procedure for disclosure of the plea agreement to the court, entry of the negotiated plea and the right to withdrawal upon nonapproval of the court at the time of sentence. R. 3:9-3. Of concern is the degree of deference the court, as the ultimate sentencing authority, should give to the prosecutor's recommendation as part of a negotiated plea. Note the concept of "prosecutorial discretion" with respect to pre-indictment dispositions and in other contexts. See, e.g., State v. Hermann, 80 N.J. 122 (1979) (post indictment P.T.I. consent of the prosecutor for diversion); State v. Leonardis, 73 N.J. 360 (1977); State v. Laws, 51 N.J. 494, 510-511 (1968), cert. den. 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968); State v. Ashby, 43 N.J. 273 (1964); R. 3:25-1. See also, e.g., State v. Spinks, 66 N.J. 568 (1975) where the court determines to sentence within the maximum confines of a negotiated plea recommendation.
N.J.S.A. 2C:1-2(b) expresses the general purposes of the code provisions concerning sentencing. The purposes include, among others, the desire to "safeguard offenders against excessive, disproportionate or arbitrary punishment." N.J.S.A. 2C:1-2(b)(4). To that end, the classification of offenses by degree, establishment of a sentencing range for each degree and creation of the "presumptive term" within the range, all *353 embody the legislative intent to minimize undue sentence disparity. Cf. State v. Roth, supra. Although necessary and appropriate, the plea negotiation process to some degree affects those ends, at least when the plea recommendation is not consistent with the code's sentencing pattern.[5]
Acceptance of the negotiated plea in this case would not require reduction of the "presumptive term." Here, the aggravating factors clearly outweigh the mitigating. There may be instances where an ineligibility term may be imposed even if the presumptive term is not increased, or substantially increased, if there are specific reasons explored on the record in connection with a negotiated plea, or otherwise, provided that the court is clearly convinced that the aggravating factors substantially outweigh the mitigating.
Because all sentences of imprisonment must consider actual parole consequences, N.J.S.A. 2C:44-1(c)(2), State v. Heisler, supra, I am convinced that the service of 182 days before parole eligibility (although less than the minimum nine month period before parole eligibility on any specific term sentence to the custody of the Commissioner of Corrections  an exception to eligibility after 1/3 of the sentence, but more than presumptive parole after service of 1/3 of a 364 days sentence to the County Jail, minus credits, see N.J.S.A. 2C:43-10; N.J.S.A. 30:4-123.51(a), (g)) is an appropriate period to be served given the particular offense and the aggravating and mitigating *354 factors. Accordingly, while I did not impose a specific sentence substantially above the "presumptive term," but not substantially above it, the recommendation was accepted, and defendant was sentenced to the Essex County Jail Annex for 364 days, 182 of which are to be served before parole eligibility.[6]
NOTES
[1] Even though this court has concluded that the custodial aspect of probation is "imprisonment," N.J.S.A. 2C:43-2(b),:45-1(c), the court has also concluded that given defendant's prior probationary history, a sentence to probation, even with a custodial aspect of 364 days, was unwarranted. Moreover, as no sentence is imposed under N.J.S.A. 2C:43-6 or any other section of the Code authorizing or requiring same, no ineligibility term could be imposed on imprisonment as a condition of probation. Hence, without the ineligibility term defendant would be eligible for parole after 1/3 of the custodial aspect of probation or 60 days, whichever is greater. See N.J.S.A. 2C:45-1(c); State v. Heisler, 192 N.J. Super. 586 (App.Div. 1984); State v. Dachielle, 195 N.J. Super. 40, 47 (Law Div. 1984). See also N.J.S.A. 30:4-123.51(g). Compare N.J.S.A. 30:4-123.51(a).
[2] This opinion is not concerned with parole ineligibility terms imposed on extended terms where, for example, the record is the basis for persistent offender treatment. N.J.S.A. 2C:43-7(b) does not contain language similar to N.J.S.A. 2C:43-6(b) concerning the weighing of the aggravating and mitigating factors, undoubtedly because the extended term criteria are aggravating factors and the statute provides presumptive terms thereon. N.J.S.A. 2C:44-1(f)(1); see also N.J.S.A. 2C:44-3.
[3] For example, the "Graves Act," in N.J.S.A. 2C:43-6(c) relating to ineligibility terms where no extended term is required, mandates the imposition of a mandatory minimum sentence but does "not prevent the court from imposing presumptive terms of imprisonment pursuant to 2C:44-1(f) except in cases of crimes of the fourth degree." This opinion does not address ineligibility terms, also authorized by N.J.S.A. 2C:43-6(b) in a portion omitted from the quotation above, for title 24 and other non-code crimes, for which there are no "presumptive terms."
[4] The court must take notice that, on a few occasions, the prosecutor has recommended an ineligibility term as part of a negotiated plea for a sentence at the bottom of the range.
[5] The plea negotiations should also consider the impact of the presumption for or against imprisonment. N.J.S.A. 2C:44-1(d), (e). Prosecutors and defense counsel generally consider all appropriate sentencing criteria and other factors relevant to disposition. In this connection N.J.S.A. 2C:44-1(c)(1) should be noted. It provides that "[a] plea of guilty by a defendant or failure to so plead shall not be considered in withholding or imposing a sentence of imprisonment." This provision, understood in the context of fundamental and precode law, N.J.S.A. 2C:1-1(e), prohibits penalizing a defendant for exercising his right to trial and requires consideration of all appropriate criteria relevant to sentence. See, e.g., State v. Poteet, 61 N.J. 493 (1972). It does not discourage negotiated pleas entered with consideration of all appropriate factors.
[6] Defendant was advised of the possibility that any parole violation time could be made consecutive to the sentence imposed for the present offense. See R. 3:9-2. In the absence of same, the question of ability to impose such a sentence or the right to withdraw may be raised. Cf. State v. Kovack, supra. N.J.S.A. 2C:44-5(c) now provides that any sentence for an offense occurring while defendant is on parole shall be consecutive to any period of imprisonment resulting from a parole violation, unless the court orders the sentences to run concurrently. This opinion is not the proper occasion to consider the criteria for the imposition of consecutive term sentences because the aggravating factors in this matter clearly outweigh the mitigating. Nor does the issue of retroactivity have to be considered because prior to the January, 1984 amendment to N.J.S.A. 2C:44-5(c) the court could impose a consecutive sentence although that section favored sentences concurrent to parole violation time. The ability to impose a consecutive sentence, and its imposition, was another factor warranting acceptance of the recommendation.