NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4473-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANDRES I. CHAVARRIA,

      Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

June 4, 2020

APPELLATE DIVISION

Submitted April 27, 2020 – Decided June 4, 2020

Before Judges Messano, Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Accusation Nos. 18-10-0303 and 18-10-0304.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Catlin A. Davis, Deputy Attorney General, of counsel and on the brief).

    The opinion of the court was delivered by

VERNOIA, J.A.D.

Defendant Andres I. Chavarria pleaded guilty to two counts of fourth-degree operating a motor vehicle during a period of license suspension or revocation for a second or subsequent violation of N.J.S.A. 39:4-50, driving while under the influence (DUI), or N.J.S.A. 39:4-50.4a, refusal to provide a breath sample. N.J.S.A. 2C:40-26(b). Defendant also pleaded guilty to DUI.

In accordance with his plea agreement, the court sentenced defendant to an aggregate 360-day custodial sentence, with a 360-day mandatory period of parole ineligibility, as a condition of serving probation. The sentence was comprised of consecutive 180-day terms of imprisonment with 180-day periods of parole ineligibility as a condition of probation for defendant's convictions under N.J.S.A. 2C:40-26(b). The court also imposed a 180-day concurrent custodial sentence on the DUI conviction.[1]

Defendant appeals from his sentence, arguing the probationary portions of his sentence are illegal because the Criminal Code does not authorize mandatory periods of parole ineligibility as a condition of probation. He also contends the court did not consider and find the required factors for imposing consecutive sentences under State v. Yarbough, 100 N.J. 627 (1985). Originally argued on the excessive sentencing calendar, the appeal was placed

---

[1] The sentence included other conditions—payment of fines and penalties; a ten-year suspension of defendant's driving privileges; and other mandatory penalties for defendant's DUI conviction—that are not pertinent to this appeal.

on a plenary calendar to more fully develop the arguments challenging the legality of defendant's sentences.

Defendant presents the following arguments for our consideration:

> THE SENTENCES IMPOSED UPON DEFENDANT ARE ILLEGAL, AS [N.J.S.A.] 2C:40-26 REQUIRES A SENTENCE OF IMPRISONMENT, PROBATIONARY SENTENCES CANNOT INCLUDE PERIODS OF PAROLE INELIGIBILITY, AND THE CONSECUTIVE TERMS WERE IMPOSED WITHOUT CONSIDERATION OF THE YARBOUGH GUIDELINES[.]

We have carefully considered the record and reject defendant's claim the Criminal Code does not authorize a sentence of probation conditioned on service of a term of imprisonment that includes a mandatory period of parole ineligibility. We agree the court did not expressly address the factors required for the imposition of consecutive sentences under Yarbough, and we find the court incorrectly imposed sentences that included consecutive terms of imprisonment and concurrent terms of probation. We therefore vacate the court's imposition of consecutive terms of imprisonment and concurrent probationary terms, and we remand for resentencing.

## I.

Defendant contends his sentences are illegal because the Criminal Code does not authorize a probationary sentence conditioned on service of imprisonment that includes a mandatory period of parole ineligibility. Our

3 A-4473-18T3

Supreme Court has explained "[t]here are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019). Defendant contends his sentences are within the latter category because "[a] sentence 'not imposed in accordance with law' includes 'a disposition [not] authorized by the [Criminal] Code.'" State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016) (quoting State v. Murray, 162 N.J. 240, 247 (2000)).

Defendant's argument his sentences are not authorized by the Criminal Code is based on his interpretation of various statutory provisions. In the first instance, defendant notes that a conviction under N.J.S.A. 2C:40-26 requires imposition of a "term of imprisonment" which shall include "a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole." N.J.S.A. 2C:40-26(c). He contends that, because a term of imprisonment with a minimum period of parole ineligibility is a required disposition under N.J.S.A. 2C:40-26, a sentence of imprisonment as a condition of probation is not an authorized sentence for individuals convicted of the crime.

Defendant also relies on N.J.S.A. 2C:43-2, which "enumerates the available sentencing alternatives" under the Criminal Code. State v. O'Connor, 105 N.J. 399, 406 (1987). He argues that because N.J.S.A. 2C:40-26 mandates

a sentence of imprisonment, the only enumerated sentencing alternative available under N.J.S.A. 2C:43-2 is imposition of a term of imprisonment under subsection (b)(3). In pertinent part, N.J.S.A. 2C:43-2(b)(3) provides, as an authorized sentencing alternative, for "imprisonment for a term authorized by . . . [N.J.S.A.] 2C:43-6."

Defendant acknowledges subsection (b)(2) of N.J.S.A. 2C:43-2 authorizes imposition of a sentence of up to 364 days of imprisonment as a condition of probation for a criminal conviction. He claims, however, N.J.S.A. 2C:43-2(b)(2) does not authorize the sentences imposed by the court because he was sentenced to terms of "imprisonment" under N.J.S.A. 2C:43-6. Defendant contends that "by mandating the imposition[] of 'a term of imprisonment' and a period of parole ineligibility, . . . the Legislature intended one convicted of a [N.J.S.A.] 2C:40-26 offense to be sentenced to imprisonment pursuant to [N.J.S.A.] 2C:43-2(b)(3), and that the probationary sentencing option set forth in [N.J.S.A.] 2C:43-2(b)(2) is not available."

Defendant's arguments require an interpretation of the Criminal Code's sentencing provisions. "'Questions related to statutory interpretation are legal ones.' Thus, '[w]e review such decisions de novo, "unconstrained by deference to the decisions of the trial court . . . ."'" State v. Rodriguez, 238 N.J. 105, 113

(2019) (first quoting State v. S.B., 230 N.J. 62, 67 (2017), then quoting State v. Grate, 220 N.J. 317, 329 (2015)).

Our review begins with the plain language of the statutes, "which is the 'best indicator' of legislative intent," ibid. (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)), and, in conducting the analysis, "[a] statute's plain language must be construed 'in context with related provisions so as to give sense to the legislation as a whole,'" ibid. (quoting Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018)). "Unless it is 'inconsistent with the manifest intent of the legislature,' or 'another or different meaning is expressly indicated,' we ascribe to the Legislature's words and phrases 'their generally accepted meaning, according to the approved usage of the language.'" Ibid. (quoting Finkelman v. Nat'l Football League, 236 N.J. 280, 289 (2019)). Where, as here, "the plain language leads to a clear and unambiguous result, . . . our interpretative process is over." Id. at 114 (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)).

In construing the pertinent statutes, we follow the Court's lead in Rodriguez, and we "begin our application of the canons of statutory construction with" N.J.S.A. 2C:43-2, "the Criminal Code's provision governing, generally, the imposition of sentences." Rodriguez, 238 N.J. at 114; see also State v. Crawford, 379 N.J. Super. 250, 258 (App. Div. 2005).

6

N.J.S.A. 2C:43-2(a) states that "[e]xcept as otherwise provided by" the Criminal Code, "all persons convicted of an offense or offenses shall be sentenced in accordance" with N.J.S.A. 2C:43-2(b).

N.J.S.A. 2C:43-2(b) lists the available sentencing alternatives, and it also makes clear imposition of the delineated alternatives is subject to two exceptions. The statute states that, "[e]xcept as provided in subsection [(a)] . . . and subject to the applicable provisions of the" Criminal Code, a court "may sentence" a defendant pursuant to seven specified sentencing alternatives. N.J.S.A. 2C:43-2(b). Pertinent to this appeal, the alternatives include placing a defendant "on probation and, in the case of a person convicted of a crime, to imprisonment for a term fixed by the court not exceeding 364 days to be served as a condition of probation[.]" N.J.S.A. 2C:43-2(b)(2). "This is referred to as a split sentence, and the custodial term [of imprisonment] must be served in a county jail, whereas a sentence of imprisonment [exceeding 364 days] must be served in a state correctional facility."[2] Crawford, 379 N.J. Super. at 258 (citing State v. Hartye, 105 N.J. 411, 419 (1987)).

---

[2]   N.J.S.A. 2C:43-2(b)(2) is subject to the general exceptions set forth in subsection (b) and also to an additional exception not at issue here. More specifically, N.J.S.A. 2C:43-2(b)(2) states that "[e]xcept as provided in subsection [(g)]," a defendant may be placed on probation. Subsection (g)

N.J.S.A. 2C:43-2(b) includes another sentencing alternative pertinent here. As noted, subsection (b)(3) provides for a sentence "[t]o imprisonment for a term authorized by . . . N.J.S.A. 2C:43-6."[3] The statute prescribes the ordinary terms of imprisonment for the different degrees of crimes under the Criminal Code, N.J.S.A. 2C:43-6(a)(1) to (4), and it details the standards for imposition of periods of parole ineligibility "[a]s part of a sentence for any crime," N.J.S.A. 2C:43-6(b).[4]

Defendant challenges the sentences imposed for his convictions for violating N.J.S.A. 2C:40-26(b), a fourth-degree crime. The authorized ordinary term of imprisonment for a fourth-degree crime is up to eighteen months. N.J.S.A. 2C:43-6(a)(4). N.J.S.A. 2C:40-26, however, provides that "[n]otwithstanding the term of imprisonment provided under N.J.S.A. 2C:43-

_____

(continued)
prohibits imposition of a probationary sentence for defendants convicted of "any offense enumerated in" N.J.S.A. 2C:43-6.4(a). N.J.S.A. 2C:43-2(g).

[3] N.J.S.A. 2C:43-2(b)(3) also provides for sentences of imprisonment for a term authorized by N.J.S.A. 2C:11-3 (defining sentences for homicide convictions); N.J.S.A. 2C:43-5 (providing for sentencing of young adult offenders); N.J.S.A. 2C:43-7 (defining requirements for extended-term sentences); N.J.S.A. 2C:43-8 (defining sentences for disorderly persons and petty disorderly persons offenses); and N.J.S.A. 2C:44-5 (defining requirements for sentences for multiple offenses). We do not address these provisions because defendant does not argue they apply here.

[4] N.J.S.A. 2C:43-6 includes other provisions related to sentencing that are not relevant to the issues presented on appeal. See N.J.S.A. 2C:43-6(c) to (i).

6," a person convicted of the offense must receive "a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole." N.J.S.A. 2C:40-26(c). In other words, a conviction under N.J.S.A. 2C:40-26 requires imposition of a minimum 180-day period of imprisonment with a 180-day minimum period of parole ineligibility, independent of the authority to impose parole ineligibility periods under N.J.S.A. 2C:43-6(b).

"Title 2C does not allow a judge sentencing discretion to impose a lesser period of incarceration when a mandatory minimum term is required, absent specific language to that effect." State v. French, 437 N.J. Super. 333, 337 (App. Div. 2014) (citing State v. Lopez, 395 N.J. Super. 98, 107-08 (App. Div. 2007)). Indeed, "[a] sentence with a mandatory period of parole ineligibility cannot be reduced below the statutorily mandated parole ineligibility term." State v. Kearns, 393 N.J. Super. 107, 111 (App. Div. 2007) (citing State v. Mendel, 212 N.J. Super. 110, 112-13 (App. Div. 1986)).

For each of defendant's criminal convictions, the court imposed a term of imprisonment in precise compliance with the requirements of N.J.S.A. 2C:40-26(c). The court sentenced defendant for each conviction to a 180-day term of imprisonment subject to the requirement that he serve 180 days without eligibility for parole. See N.J.S.A. 2C:40-26(c). Defendant's aggregate

sentence totaled 360 days, all of which is to be served without parole eligibility.

As noted, an authorized sentence under N.J.S.A. 2C:43-2(b)(2) for conviction of a crime includes "imprisonment for a term fixed by the court not exceeding 364 days . . . as a condition of probation."  Here, defendant's separate sentences for each conviction under N.J.S.A. 2C:40-26, and his aggregate sentence, fall within the parameters of the permissible term of imprisonment under N.J.S.A. 2C:43-2(b)(2) for a split sentence.  Thus, defendant's sentences are expressly authorized by N.J.S.A. 2C:43-2(b)(2)'s plain language, and they are not illegal.  See Hyland, 238 N.J. at 145.  Moreover, the periods of parole ineligibility the court imposed are required by N.J.S.A. 2C:40-26(c).  See State v. Pimentel, 461 N.J. Super. 468, 475 (App. Div. 2019) (noting N.J.S.A. 2C:40-26 "prescribes a mandatory minimum jail sentence of 180 days").

Defendant ignores the plain language of N.J.S.A. 2C:43-2(b)(2), and he contends the statute does not authorize a split sentence where the term of imprisonment imposed includes a mandatory period of parole ineligibility.  We reject that argument because the statute does not include such a limitation, and "[i]t is not our job to engraft requirements [on a statute] that the Legislature did not include.  It is our role to enforce the legislative intent as expressed

10

through the words used by the Legislature." Lippman v. Ethicon, Inc., 222 N.J. 362, 388 (2015).

We are also not persuaded by defendant's claim the split sentences imposed are illegal because they are not expressly authorized by the Criminal Code. Defendant asserts there is no statutory provision permitting a split sentence that includes a term of imprisonment subject to a mandatory period of parole disqualification, and, for that reason, his sentences are illegal.

The enumerated sentencing alternatives listed in N.J.S.A. 2C:43-2(b) must be applied "except as provided in subsection [(a)]," and subsection (a) includes a more general exception. N.J.S.A. 2C:43-2(a) requires sentencing in accordance with the seven enumerated sentencing alternatives, "[e]xcept as otherwise provided by" the Criminal Code. In other words, the enumerated sentencing alternatives are authorized and must be employed in sentencing unless the Criminal Code provides otherwise.

As we have explained, defendant was sentenced in exacting compliance with N.J.S.A. 2C:43-2(b)(2)'s plain language, and the Criminal Code does not "otherwise provide[]" that a split sentence cannot include a period of parole ineligibility. Indeed, defendant does not identify any statutory provision barring imposition of a period of parole ineligibility on the term of imprisonment imposed as part of a split sentence. Again, if the Legislature

intended to prohibit a split sentence that included a term of imprisonment subject to a mandatory period of parole ineligibility, it would have "otherwise provided" for such an exception in the Criminal Code. It did not, and we cannot find or rely upon that which is not there. See Lippman, 222 N.J. at 388.

In Rodriguez, the Court determined an intermittent custodial sentence imposed pursuant to subsection (b)(7) of N.J.S.A. 2C:43-2 was not an authorized sentence of imprisonment for a conviction under N.J.S.A. 2C:40-26(c). 238 N.J. at 117. The Court discussed the differences between an intermittent sentence of imprisonment and a sentence of imprisonment subject to a period of parole ineligibility, and it found service of an intermittent sentence under N.J.S.A. 2C:43-2(b)(7) is inconsistent with, and does not meet the requirements of, the period of parole ineligibility mandated under N.J.S.A. 2C:40-26(c). Id. at 114-19. We have similarly held a sentence that is inconsistent with service of a mandatory period of parole ineligibility is an unauthorized and illegal sentence. See French, 437 N.J. Super. at 338 (holding "no discretion exists in Title 2C to replace half of the mandatory 180 days of incarceration with a non-jail rehabilitation program"); State v. Harris, 439 N.J. Super. 150, 160 (App. Div. 2015) (holding "[b]ecause N.J.S.A. 2C:40-26(c) requires a 'fixed minimum sentence of not less than 180 days' without parole

eligibility for violations of N.J.S.A. 2C:40-26(b), a sentence to a non-custodial 'alternative program,' instead of jail, is plainly illegal").

In <u>Rodriguez</u>, the Court reasoned that an intermittent sentence under N.J.S.A. 2C:43-2(b)(7) is not authorized for a conviction under N.J.S.A. 2C:40-26 because N.J.S.A. 2C:40-26(c) "otherwise provide[s]" for service of a mandatory period of parole ineligibility. 238 N.J. at 117. Here, unlike in <u>Rodriguez</u>, there is no Criminal Code provision that "otherwise provides" for a sentence that is inconsistent with imposition of a split sentence for a person convicted of violating N.J.S.A. 2C:40-26. Imposition of the parole ineligibility period required under N.J.S.A. 2C:40-26(c) is not inconsistent with imposition of a split sentence. The period of parole ineligibility merely defines the manner in which the term of imprisonment that is imposed as a condition of probation will be served. The plain language of N.J.S.A. 2C:43-2(b)(2) imposes only one condition related to the permissible term of imprisonment for a split sentence; it must be 364 days or less. Defendant's sentences, individually and in the aggregate, satisfy that condition, and they are therefore authorized by N.J.S.A. 2C:43-2(b)(2).

Defendant also contends he could not be sentenced in accordance with N.J.S.A. 2C:43-2(b)(2) because the court imposed a term of "imprisonment" in accordance with N.J.S.A. 2C:43-6. He relies on <u>Hartye</u>, where the Court

considered whether a term of imprisonment as a condition of probation could be imposed when, due to the defendant's lack of a prior conviction of an offense, the presumption of non-incarceration under N.J.S.A. 2C:44-1(e) applied. 105 N.J. at 418-20. In its analysis, the Court in Hartye explained that "a sentence of imprisonment under N.J.S.A. 2C:43-2(b)(3) was intended by the Legislature to be different and distinct from a prison term imposed as a condition of probation under N.J.S.A. 2C:43-2(b)(2)." Id. at 419.

The Court recognized that both subsections (b)(2) and (b)(3) of N.J.S.A. 2C:43-2 provide for imposition of terms of "imprisonment," and it noted differences between the imprisonment authorized in each subsection. Id. at 418-19. For example, the Court explained that a term of imprisonment under subsection (b)(3) "must be served in a state correctional facility," whereas the custodial portion of a split sentence under subsection (b)(2) may only be served in the county jail.[5] Id. at 419; see also O'Connor, 105 N.J. at 409

---

[5] The Court noted an additional difference between imprisonment under N.J.S.A. 2C:43-2(b)(2) and (b)(3). Id. at 419. The Court explained that "unlike a state prison term, the custodial element of a probationary sentence may commence at any time during the probationary period, and may be reduced on defendant's motion at any time before the sentence of probation has expired." Ibid. (citations omitted). These differences are irrelevant to our consideration of the legality of defendant's sentences because, as noted, defendant's sentences render him ineligible to serve a state prison term, and the Court in Hartye was not required to, and did not, address sentences that included mandatory periods of parole ineligibility.

A-4473-18T3

(explaining the distinction between imprisonment under N.J.S.A. 2C:43-2(b)(2) and (b)(3) is that "a term of imprisonment as a condition of probation must be served in a county jail, while in the majority of cases a sentence of imprisonment [under subsection (b)(3)] must be served in a state correctional facility").

Measured against those standards, the custodial portion of defendant's sentence, including imposition of the period of parole ineligibility, falls within the imprisonment authorized by N.J.S.A. 2C:43-2(b)(2) and clearly outside the imprisonment authorized by N.J.S.A. 2C:43-2(b)(3). Defendant's aggregate sentence is less than 364 days, so he will serve the sentence in the county jail and not in a state prison facility. Compare N.J.S.A. 2C:43-10(a) (providing sentences of imprisonment of one year or greater shall be served in the custody of the Commissioner of the Department of Corrections) with N.J.S.A. 2C:43-10(c) (providing, in pertinent part, sentences of imprisonment of less than one year shall be served in the county jail).

The Court in Hartye also stated that "a defendant sentenced to a prison term as a condition of probation may not be exposed to the parole ineligibility term authorized by N.J.S.A. 2C:43-6(b)." 105 N.J. at 419. In support of that declaration, the Court cites State v. Guzman, 199 N.J. Super. 346 (Law Div. 1985), where the trial court explained its imposition of a custodial term that

included a period of parole ineligibility under N.J.S.A. 2C:43-6(b). Ibid. The court in Guzman did not impose a split sentence, but it noted that under the circumstances presented, "no ineligibility term could be imposed on imprisonment as a condition of probation," "as no sentence [was] imposed under N.J.S.A. 2C:43-6 or any other section of the [Criminal] Code authorizing or requiring same." 199 N.J. Super. at 349 n.1.

Thus, the court did not suggest a split sentence could not include a period of parole ineligibility during a period of imprisonment imposed as a condition of probation. To the contrary, the court stated only that it could not impose a period of parole ineligibility because it was sentencing defendant to a county jail term of 364 days imprisonment and the Criminal Code did not otherwise authorize or require imposition of a period of parole ineligibility on the term of imprisonment imposed.

Here, the periods of parole ineligibility imposed as conditions of defendant's imprisonment do not fall within the Hartye proscription. 105 N.J. at 419. The trial court did not sentence defendant to a term of imprisonment at a state correctional facility in accordance with N.J.S.A. 2C:43-2(b)(3) or impose a period of parole ineligibility pursuant to N.J.S.A. 2C:43-6(b). Instead, the court imposed a county jail sentence as authorized by N.J.S.A. 2C:43-2(b)(2) and imposed a parole ineligibility period solely as mandated by

16

N.J.S.A. 2C:40-26(c).[6]  In addition, as implicitly recognized by the court in

Guzman, where, as here, a period of parole ineligibility is authorized or

required by another provision of the Criminal Code, imprisonment that

includes a parole ineligibility period may be imposed as a condition of

probation under N.J.S.A. 2C:43-2(b)(2).  199 N.J. Super. at 349 n.1.

We also observe that our Supreme Court has, in another context, directly

approved imposition of a split sentence under N.J.S.A. 2C:43-2(b)(2) that

included imprisonment and a period of parole ineligibility.  In State v. Pineda,

the defendant pleaded guilty to death by auto, N.J.S.A. 2C:11-5(b), and he was

sentenced to a four-year custodial term, subject to a 270-day period of parole

ineligibility.[7]  119 N.J. 621, 622 (1990).  At that time, the death by auto

---

[6]  As the State correctly notes, if defendant's sentences on each of his convictions for violating N.J.S.A. 2C:40-26 were imposed pursuant to N.J.S.A. 2C:43-6, they would be illegal sentences.  On each conviction, the court sentenced defendant to 180-days imprisonment with a 180-day period of parole ineligibility.  Under N.J.S.A. 2C:43-6(b), however, a period of parole ineligibility may not exceed fifty percent of the ordinary term imposed.  If defendant had been sentenced under N.J.S.A. 2C:43-6(b), the court would have been required to impose a 360-day sentence on each of the N.J.S.A. 2C:40-26 convictions in order to impose the mandatory 180-day periods of parole ineligibility.  The court, however, did not run afoul of the limitation contained in N.J.S.A. 2C:43-6(b) because it imposed the period of parole ineligibility in accordance with N.J.S.A. 2C:40-26(c).

[7]  N.J.S.A. 2C:11-5 was amended in 1995.  L. 1995, c. 285, §§ 1, 2.  In relevant part, the amendment renamed the crime "vehicular homicide,"

A-4473-18T3

statute, N.J.S.A. 2C:11-5(b), mandated either imposition of a 270-day period of incarceration or 270 days of community service as part of any sentence imposed for a conviction. Id. at 624.

On the defendant's direct appeal, we interpreted N.J.S.A. 2C:11-5(b) "to mean that the sentencing judge must deprive a defendant of his liberty for at least 270 days by imprisonment without parole, community related service or a split sentence combining the two." State v. Pineda, 227 N.J. Super. 245, 250 (App. Div. 1988). The Court rejected our interpretation and directed that a court sentencing a defendant under N.J.S.A. 2C:11-5(b) must first determine if imprisonment is appropriate and, if so, decide the ordinary term of imprisonment to be imposed. Pineda, 119 N.J. at 626. Where a term of imprisonment is imposed, the Court required imposition of the 270-day period of parole ineligibility provided in N.J.S.A. 2C:11-5(b). Id. at 627.

More pertinent here, the Court also directed that, where the trial court concludes a probationary sentence is appropriate, "it must condition that term on a 270-day period of community service or of incarceration without parole eligibility." Ibid. (emphasis added). Thus, the Court permitted and approved a split sentence under N.J.S.A. 2C:43-2(b)(2) that includes imprisonment and a

_____

(continued)
changed the degree of the crime to a second-degree offense, and amended the sentencing provisions of the prior version of the statute. Ibid.

mandatory period of parole ineligibility.[8]  We discern no basis to reach a different conclusion here.

We are also mindful that N.J.S.A. 2C:40-26 was enacted in 2009 and became effective on August 1, 2011, L. 2009, c. 333, § 1, long after N.J.S.A. 2C:43-2(b)(2) was enacted in 1979 as part of the Criminal Code.  L. 1979, c. 178, § 82.  We may therefore properly assume the Legislature was fully aware of the requirements for imposition of a split sentence under N.J.S.A. 2C:43-2(b)(2) when it established the sentencing paradigm set forth in N.J.S.A. 2C:40-26(c).  See In re Expungement Petition of J.S., 223 N.J. 54, 75 (2015) (explaining the Legislature "is presumed to have been 'thoroughly conversant with its own [prior] legislation and the judicial construction of its statutes'" (quoting Nebesne v. Crocetti, 194 N.J. Super. 278, 281 (App. Div. 1984))).

In enacting N.J.S.A. 2C:40-26, the Legislature required imposition of a minimum 180-day custodial sentence with a 180-day period of parole ineligibility for those convicted of the offense.  The Legislature mandated that

---

[8]  Although not presented in the context of challenges to the legality of split sentences that include imprisonment subject to parole ineligibility terms, we have affirmed the imposition of such split sentences imposed under N.J.S.A. 2C:43-2(b)(2).  See, e.g., Pimentel, 461 N.J. Super. at 493 (affirming imposition of a one-year period of probation conditioned on imprisonment for "six months" in the county jail for a conviction under N.J.S.A. 2C:40-26); State v. Sylvester, 437 N.J. Super. 1, 2-3 (App. Div. 2014) (affirming a split sentence of a three-year probationary term conditioned on imprisonment for 180 days on a conviction for violating N.J.S.A. 2C:40-26(b)).

minimum custodial sentence of imprisonment with full knowledge the plain language of N.J.S.A. 2C:43-2(b)(2) authorized imposition of imprisonment as a condition of probation. If the Legislature intended to exempt sentences of imprisonment imposed under N.J.S.A. 2C:40-26(c) from those permitted by N.J.S.A. 2C:43-2(b)(2) as a condition of probation, it would have done so directly. Instead, the Legislature let the plain language of N.J.S.A. 2C:43-2(b)(2) define the terms of imprisonment that may be imposed as a condition of probation, and, as noted, a sentence that is less than 364 days that includes a mandatory period of parole ineligibility imposed under N.J.S.A. 2C:40-26(c) is therefore authorized and legal.

While we conclude the plain language of N.J.S.A. 2C:43-2(b)(2) authorizes defendant's custodial sentences as a condition of his probation, we also observe a probationary sentence conditioned on service of the mandatory period of parole ineligibility is consistent with the Legislature's "criminaliz[ation] [of] the act of driving while one's license is suspended for a second or subsequent [DUI] conviction" as part of its "arsenal of deterrence." State v. Rizzitello, 447 N.J. Super. 301, 315 (App. Div. 2016). Those convicted of a violation of N.J.S.A. 2C:40-26(b) have previously had their driver's licenses suspended on at least two occasions, yet they choose to continue to operate motor vehicles at the risk of being convicted of a fourth-

degree crime and sentenced to a minimum 180 days of imprisonment. Indeed, here, defendant not only drove while on suspension in violation of N.J.S.A. 2C:40-26, he did so on one occasion while under the influence.

"This court has acknowledged the escalating penalties imposed by the Legislature in an attempt to deter chronic drunk drivers," Pimentel, 461 N.J. Super. at 488, and N.J.S.A. 2C:40-26 serves that purpose by imposing "a mandatory period of 'imprisonment' for [the] offense," thereby protecting the "public safety" by ensuring, at least during a defendant's term of imprisonment, that he or she does not "continue[] to drive despite the license suspension," Harris, 439 N.J. Super. at 160.

The need to deter a defendant who has a history of DUI or refusal offenses from driving while suspended in violation of N.J.S.A. 2C:40-26 does not end with a release after a 180-day minimum mandatory sentence. It is wholly consistent with "the State's strong policy objective of deterring repeat drunk driving offenders," Pimentel, 461 N.J. Super. at 488, to require defendants who are convicted of violating N.J.S.A. 2C:40-26 to obtain the benefit of probation supervision following release from imprisonment. Probation supervision provides access to resources to address issues related to alcohol and substance abuse, see N.J.S.A. 2C:45-1(b)(1) to (14), and provides continuing deterrence because a violation of probation may result in a

defendant's resentencing to a period of imprisonment. The Legislature's decision to allow split sentences for those convicted of violating N.J.S.A. 2C:40-26 is therefore not only supported by the plain language of N.J.S.A. 2C:43-2(b)(2), it is also consistent with the policies underlying N.J.S.A. 2C:40-26.

In sum, the plain language of N.J.S.A. 2C:43-2(b)(2) authorizes the split sentences imposed by the court on defendant's convictions for violating N.J.S.A. 2C:40-26(b). The court imposed a custodial term of a length—360 days—that qualifies as a term of imprisonment permitting imposition of a split sentence, N.J.S.A. 2C:43-2(b)(2), and defendant fails to identify any other statute within the Criminal Code that otherwise provides the term of imprisonment for a split sentence may not include a mandatory period of parole ineligibility. We therefore reject defendant's claim the split sentence is unauthorized or illegal.

## II.

Defendant next argues the court improperly imposed consecutive custodial terms for his N.J.S.A. 2C:40-26(b) convictions without considering the factors set forth in Yarbough. Defendant requests a remand for resentencing because the court did not provide a separate statement of reasons for imposing consecutive sentences and, he contends, consecutive sentences

22 A-4473-18T3

are not warranted. The State claims the consecutive sentences should be affirmed because the <u>Yarbough</u> factors supporting imposition of consecutive sentences are self-evident. The State, however, requests a remand for correction of the judgment of conviction because the court stated at sentencing the probationary terms would run consecutively, but the judgment of conviction provides the terms shall be served concurrently.

As we have explained, we affirm the court's imposition of the mandatory minimum 180-days terms of imprisonment as a condition of probation on each of defendant's convictions for violating N.J.S.A. 2C:40-26. However, for two reasons, we are constrained to vacate the consecutive sentences of imprisonment and probationary terms, and remand for resentencing.

First, the Court in <u>Yarbough</u> established the factors a trial court must consider in determining whether to impose consecutive sentences. 100 N.J. at 643-44. A court must "articulate [its] reasons" for imposing consecutive sentences "with specific reference to the <u>Yarbough</u> factors." <u>State v. Abdullah</u>, 184 N.J. 497, 515 (2005). "'[A] statement of reasons is a necessary prerequisite for adequate appellate review of sentencing decisions . . . [in order to] determine whether the trial court's imposition of consecutive sentences was a valid exercise of discretion.'" <u>State v. Soto</u>, 385 N.J. Super. 247, 256 (App. Div. 2006) (quoting <u>State v. Miller</u>, 108 N.J. 112, 122 (1987)). Here, the

23

court's imposition of consecutive sentences is untethered to any findings of the Yarbough factors. See id. at 256 ("Failure to provide reasons for the imposition of a consecutive sentence may compel a remand for resentencing.").

Second, based on our review of the record, we cannot discern the precise manner the court intended the probationary terms to run. We therefore reject the State's claim a remand for an amendment of the judgment of conviction is all that is required to address the court's imposition of the probationary terms of defendant's split sentences. The judgment of conviction provides the custodial portions of the split sentences shall be served consecutively and the probationary terms shall be served concurrently. The Criminal Code, however, "does not permit, for multiple offenses, sentences that are partially consecutive and partially concurrent." State v. Rogers, 124 N.J. 113, 120 (1991).

On remand, the court shall address and make findings under Yarbough supporting its determination whether to impose concurrent or consecutive sentences for the mandatory terms of imprisonment for defendant's convictions under N.J.S.A. 2C:40-26. In its determination concerning the imposition of probationary terms for defendant's split sentences, the court shall: consider it cannot impose sentences that are partially consecutive and partially concurrent; precisely define when any probationary terms imposed shall begin

and end; and address and make findings concerning the imposition of sentences for multiple offenses under N.J.S.A. 2C:44-5(f).

Affirmed in part, vacated in part, and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4473-18T3